UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOANN CHAVES, | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. |
| V. | : | 3:06-CV-01589 (JCH) |
| | : | |
| EXXON MOBIL CORPORATION d/b/a/ | : | |
| Plainfield Mobil- Southbound; and | : | MARCH 22, 2007 |
| MOBIL CORPORATION, | : | |
| Defendants | : | |

## RULING ON MOTION TO REMAND (DOC. NO. 17)

### I. INTRODUCTION

The defendants removed this case from the Superior Court of Connecticut at Windham to this Court pursuant to Title 28, section 1441, of the United States Code. Plaintiff now moves seeks to remand the case back to the state court pursuant to section 1446(b) of the same title and Rule 6(e) of the Federal Rules of Civil Procedure. The case involves an untimely Notice of Removal, followed by an untimely Motion to Remand. For the following reasons, the Motion to Remand is denied.

### II. DISCUSSION

The first issue the court must address, in considering what court has jurisdiction in this case, is the timeliness of the initial Notice of Removal, filed October 10, 2006. According to statute, "The notice of removal . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief which such action or proceeding is based . . .." 28 U.S.C. § 1446(b).

1

Plaintiff and defendants disagree as to when the initial complaint was served on the defendants. According to plaintiff, a State Marshal personally served the defendants' agents, Prentice Hall Corporation and The Corporation Service Company, on September 6, 2006. Defendants claim, however, that they did not personally receive this complaint until September 8, 2006. They argue that their Notice of Removal was timely with regard to this later date. However, whether the defendant corporations received the complaint two days after the service upon their agent does not affect when the time limit for removal tolls: when the agent authorized to receive service is served, the defendant is deemed served. See FED. R. CIV. P. 4(h)(1).

Although the Notice of Removal was untimely, the inquiry does not end here. According to section 1447(c) of Title 28 of the United States Code, "a motion to remand the case on the basis of any defect in removal procedure must be made within thirty days after the filing of the notice of removal under §1446(a)." The Second Circuit has held that, if the motion to remand the case based on a procedural defect is not made within these 30 days, any objection is waived. See Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642 (2d Cir.1993). This waiver arises regardless of whether the initial removal to the Federal Court was proper or not. "[W]e have held that, even if removal was statutorily improper, a party opposing removal must move to remand within the 30 day limitation or the objection will be forfeited (except for objections that implicate constitutional subject matter jurisdiction such as a lack of diversity or a federal question)." Id. at 643; 28 U.S.C. § 1447(c); see also, Williams v. AC Spark Plugs Div. of Gen. Motors Corp., 985 F.2d 783 (5th Cir.1993); Air-Shields, Inc. v. Fullam, 891 F.2d 63, 65-66 (3d Cir.1989) (finding that district court's sua sponte decision to remand on

2

procedural grounds more than 30 days after the filing of the notice of removal exceeded the court's authority).

The question of jurisdiction, therefore, must focus on whether the Motion to Remand was timely or not; if it was not, the Notice of Removal, although untimely itself, still confers jurisdiction on this court. Plaintiff claims her motion was timely when made 34 days after the filing of the Notice of Removal. Her contention is based on the Federal Rule of Civil Procedure 6(e). Rule 6(e) states that, "[w]henever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire under subdivision (a)." FED. R. CIV. P. 6(e). Plaintiff asserts that this statute applies to a motion to remand following a notice of removal. Plaintiff contends that, because the notice of removal was filed on October 10, 2006, she had until November 12, 2006 to file her motion to remand. Since November 12, 2006, was a Sunday, pursuant to Rule 6, the motion to remand was timely if filed by November 13, 2006. The court does not agree.

The court turns to the language of the removal statute. When a court interprets a statute, it must first look to the plain meaning and language of the statute. See Robinson v. Shell Oil, 519 U.S. 337, 341 (1997)("[t]he plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole"); United States v. Piervinanzi, 23 F.3d 670, 677 (2d Cir. 1994); United States v. Dauray, 215 F.3d 257 (2d Cir. 2000). Thus, it is necessary to consider the language of the statute that governs the filing of a motion to remand: "A motion to remand a case on the

3

basis of any defect other than lack of subject matter jurisdiction must be made within 30 days *after the filing* of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (emphasis added).

The statute plainly and clearly states the removal motion "must be made" in a certain time period. That period is defined in relation to the "filing" of the notice of removal. 28 U.S.C. § 1447(c). It is thus clear that the time to file the remand motion dates from the filing of the removal motion, not the service. Rule 6(e) applies when a party is required to "do some act" within a prescribed period "*after the service of a notice*". FED. R. CIV. P. 6(e). It is clear, therefore, based on the plain meaning of the Rule, that Rule 6(e) does not extend the thirty-day limitation for a motion to remand because it only pertains to an action required after *service*, not after *filing*. See Pavone v. Miss. Riverboat Amusement Corp., 52 F.3d 560 (5th Cir. 1995); In re: Diet Drugs Prod. Liab., 2004 WL 2062894 (E.D.Pa. 2004); 16 MOORE'S FEDERAL PRACTICE- CIVIL § 107.41 (3d. ed. 2006). There is no specific service requirement in the Federal Rules of Civil Procedure for a Notice of Removal. Under the statute, the removing party must give written notice to the adverse party promptly after the filing of the removal notice. 28 U.S.C. § 1446(d).

This reading of the plain language of Section 1446(a) is supported by the purpose of section 1447(c) to avoid late-game forum shopping by plaintiffs. See Pierpoint v. Barnes, 94 F.3d 813 (2d Cir. 1996). The thirty-day time limit placed on a plaintiff ensures that improperly removed cases, for reasons other than lack of subject matter jurisdiction, will be remanded early in the case. See id. (holding "that it was the intent of Congress to create a strict time limitation on all challenges to removal based on

any impropriety, whether procedural or substantive, in the removal procedure"); 14A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 3739 (Supp.1995) ("[a]lthough the statute could have been more clearly drafted, it seems clear that it means that the 30-day limit applies to all motions to remand except in cases in which the court lacks subject matter jurisdiction"). A failure to enforce that limit defeats Congress' intent and would be in contravention of the clear statutory language. Therefore, the 30-day limit should be strictly applied. See Pierpoint, 94 F.3d 813.

### III. CONCLUSION

The defendants' Notice of Removal was filed on October 10, 2006. Because the three day extension in Rule 6(e) does not apply to time periods after the filing of a removal notice, but only applies after a service, the motion to remand is untimely because it was filed 34 days after the removal. While the defendants' Notice of Removal may have been improper when filed more than thirty days after their agents were served with the complaint, the Plaintiff waived any right to remand by failing to file timely a motion to remand. Plaintiff's Motion to Remand (Doc. No. 17) is, therefore, denied.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 22nd day of March, 2007.

                                                   /s/ Janet C. Hall
                                                 Janet C. Hall
                                                 United States District Judge